IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL JASON COLLINSWORTH,** *et al.,* | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION: 16-00208-KD-B** |
| | ) | |
| **BIG DOG TREESTAND, INC.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the Court on Plaintiff's motion to remand (Doc. 6), Defendant's

Response (Doc. 8), Plaintiff's Reply (Doc. 9) and Defendant's sur-reply (Doc. 10-1).[1]

**I.     Background**

On April 6, 2016, Plaintiffs Daniel Jason Collinsworth and Priscilla Collinsworth

(Plaintiffs), individual residents of Clarke County, Alabama, initiated <u>Daniel Jason Collinsworth,</u>

<u>et al. v. Big Dog Treestand, Inc., et al.</u>, CV-2016-900045.00 against Defendant Big Dog

Treestand, Inc. (Defendant) in the Circuit Court of Clarke County, Alabama.   Plaintiffs assert

claims under the Alabama Extended Manufacturers Liability Doctrine (AEMLD), for negligent

design, manufacture and failure to warn, for breach of warranty and for loss of consortium,

stemming from Daniel Collinsworth's February 21, 2016 fall from a tree when part of a Big Dog

Treestand Climbing Stick allegedly broke, injuring his right arm and left leg.   (Doc. 1-1 at

4-10).   Plaintiffs seek damages for physical pain, severe disfigurement, permanent injury,

mental anguish, medical expenses, impairment of his ability to engage in employment and

activities of daily living, lost wages, general damages and loss of consortium.   (<u>Id</u>.)

Defendant, an Illinois corporation with its principal place of business in Morton, Illinois,

---

[1]  Defendant's motion for leave to file sur-reply (Doc. 10) is **GRANTED**.

was served with the state court action on April 11, 2016.[2]  (Doc. 1 at 2; Doc. 1-1).   On May 11, 2016, Defendant removed this case to this Court on the basis of complete diversity of citizenship between the parties and because the damages alleged are in excess of $75,000, per 28 U.S.C. § 1332.   (Doc. 1).   Defendant also filed its Answer on May 11, 2016.   (Doc. 2).

II.   <u>Discussion</u>

A.   <u>Jurisdiction in General</u>

There can be no doubt but that "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."   <u>Russell Corp. v. American Home Assur. Co.</u>, 264 F.3d 1040, 1050 (11th Cir. 2001).   See also <u>Allen v. Christenberry</u>, 327 F.3d 1290, 1293 (11th Cir. 2003) ("removal statutes should be construed narrowly, with doubts resolved against removal[]"); <u>University of South Ala. v. American Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999) (internal citation omitted) ("[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly....all doubts about jurisdiction should be resolved in favor of remand to state court[]"); <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994) (internal citations omitted) ("[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree[]").   Moreover, the removing defendant must bear "the burden of demonstrating federal jurisdiction."   <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 at n. 4 (11th Cir. 1998).   See also <u>McCormick v. Aderholt</u>, 293 F.3d 1254, 1257 (11th Cir. 2002) ("[T]he party invoking the court's jurisdiction bears the burden of

---

2  Defendant mistakenly asserts it was served on May 11, 2016 in the notice of removal.    However, per Doc. 1-2, the certified mail return receipt for service makes clear that service was effected on April 11, 2016.

proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction[]").   Stated differently, because federal courts are courts of limited jurisdiction "[i]t is...presumed that a cause lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]"   *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

Where, as here, jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332, the removing party bears the burden of establishing complete diversity of citizenship, that is, that the plaintiff is diverse from all the defendants, <u>Triggs</u>, 154 F.3d at 1287, and, in addition, must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement, <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1357 (11th Cir. 1996) ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $[75,000] jurisdictional requirement[]"), *abrogated on other grounds by* <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000).   <u>See also</u> <u>Roe v. Michelin North America, Inc.</u>, 613 F.3d 1058, 1061 (11th Cir. 2010) ("If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the...jurisdictional requirement[]'"); <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir. 2003) (internal citations omitted) ("where jurisdiction is based on a claim for indeterminate damages...the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum[]").

Moreover, as a procedural matter, the removal must be timely.   See, e.g., Clingan v. Celtic Life Ins. Co., 244 F.Supp.2d 1298, 1302 (M.D. Ala. 2003) ("The time limit in 28 U.S.C. § 1446(b) is 'mandatory and must be strictly applied[]'").   Cf. Moore v. North America Sports, Inc., 623 F.3d 1325, 1329 (11th Cir. 2010) ("[T]he timeliness of removal is a procedural defect--not a jurisdictional one[]").

**B.    Whether the Amount in Controversy Has Been Satisfied**

Because defendants removed this case under the first paragraph of Section 1446(b) (within 30 days of the April 11, 2016 receipt of service of the state court complaint), the Eleventh Circuit's decision in Roe v. Michelin North America, Inc., 613 F.3d 1058 (11th Cir. 2010), guides the undersigned's analysis.   Roe, 613 F.3d at 1062 (characterizing that case as a "§ 1446(b) first-paragraph case[ ] in which the plaintiff does not make a specific damages demand[]").   In Roe, the Eleventh Circuit stated: "If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought."   Roe, 613 F.3d at 1061 (citing Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 771 (11th Cir. 2010)).   Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy.   Pretka, 608 F.3d at 771 (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information[]").

4

Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable.   Id. at 754.   Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint...establishes the jurisdictional amount."   Id. at 770 (quoting Roe v. Michelin North America, Inc., 637 F.Supp.2d 995, 999 (M.D. Ala. 2009)).   See also Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met).   "Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."   Roe, 613 F.3d at 1062.

The Eleventh Circuit further stated that the approach announced in Roe "is consistent with those of other circuits[,]" id. at 1062, specifically citing, *inter alia*, two Fifth Circuit cases -- Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999) and Gebbia v. Wal–Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000).   Roe, 613 F.3d at 1062-1063.   Luckett and Gebbia both demonstrate that "the Fifth Circuit has repeatedly acknowledged the power of district court judges to appraise the worth of plaintiffs' claims based on the nature of the allegations stated in their complaints."   Roe, 613 F.3d at 1063.   See Luckett, 171 F.3d at 298; Gebbia, 233 F.3d at 833.   Cf. Purdiman v. Organon Pharm. USA, Inc., 2008 WL 686996, *2 (N.D. Ga. Mar. 12, 2008) (pre-Roe) (citing both Luckett and Gebbia, and holding that "[a]lthough the Complaint excludes any reference to the amount of damages Plaintiff has sustained as a result of Defendant's allegedly tortious conduct, after full review and consideration, the Court concludes that is it apparent from the factual allegations in the Complaint that the amount in controversy in

this action exceeds $75,000[]").   Thus, at least in the context of a Section 1446(b) first-paragraph removal case in which the plaintiff does not make a specific damages demand -- such as this one -- a district court may employ "its judicial experience or common sense in discerning whether the allegations in a complaint facially establish the jurisdictionally required amount in controversy."   Roe, 613 F.3d at 1063.

With these principles in mind, the undersigned considers Defendant's assertion in support of its claim that the amount in controversy in this case necessarily exceeds $75,000.   Defendant avers that Plaintiffs' requests for compensatory damages clearly push the amount in controversy above the $75,000 threshold, as follows:

> Based on the allegations in the Complaint, alone, the requisite amount in controversy is met by the damages sought by plaintiff for alleged physical pain, severe disfigurement and permanent injury, mental anguish, medical expenses, impairment of his ability to engage in his employment and activities of daily living, lost wages, and general damages. Plaintiffs have not entered any stipulations limiting any award which may be made, nor have they provided any affidavits waiving any recovery above $75,000.00.

(Doc. 1 at 3 at ¶8).   Plaintiffs contend that a mere recitation of general and special damages, without more, is insufficient to establish the amount in controversy and that "merely listing categories of damages" does not satisfy the removing party's burden.   (Doc. 6 at 3-5). According to Plaintiffs, the allegations of "severe injuries, including but not limited to his right arm and left leg" and "severe blood loss" are not sufficient to establish the amount in controversy.   (Doc. 6 at 2 at note 1 (citing Complt. at ¶3)).

In Robinson v. Clayton, 2012 WL 6028940, *2 (S.D. Ala. Dec. 3, 2012), this Court specifically determined that "merely listing categories of damage[,]" which is exactly what Defendant purports to do in this case, does not satisfy the removing defendant's burden of establishing that the amount in controversy exceeds the $75,000 threshold.   In reaching this

conclusion, this Court favorably cited the conclusion in Williams, 269 F.3d at 1318 and 1320 ("allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, that she incurred substantial medical expenses, that she suffered lost wages, that she experienced a diminished earning capacity, and that she would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000[]"). The court also noted that "Williams is a governing application" of the principles set forth in Roe and Pretka and that Williams "was not overruled by Pretka or Roe (nor could it have been, given that Pretka and Roe were not en banc opinions)." Robinson, 2012 WL 6028940, *2 at n. 1. Based upon Williams and Robinson, therefore, the Court concludes that the allegations here do not render it facially apparent that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. Cf. Lambeth v. Peterbilt Motors Co., 2012 WL 1712692, *3 (S.D. Ala. May 15, 2012) ("While the back injury is characterized as 'serious,' nothing in the Complaint elaborates on the nature or severity of that injury, or otherwise lends substance or meaning to it. We simply do not know -- or have any basis for inferring from the pleadings -- anything about how severe, permanent, debilitating or painful the injury might be; how extensive, costly, or traumatic the course of treatment was, is or might be; or whether and to what extent the injury did, does or will constrain…[the plaintiff's] work or life activities[]"); Hill v. Toys "R" Us, Inc., 2010 WL 3834532, *1-3 (S.D. Ala. Sept. 24, 2010) (remanding case to state court for failure to prove the amount in controversy where the plaintiff alleged that she suffered back, neck, arm and head injuries; that she has experienced and continues to experience pain and suffering, emotional distress, and mental anguish; and that she has incurred ongoing medical expenses).

In addition, Plaintiffs' allegations of mental anguish are too vague and speculative for the undersigned to find that their claims surpass the jurisdictional threshold.   See, e.g., Mustafa v. Mortgage St. Mortg. Corp., 840 F.Supp.2d 1287, 1291 (M.D. Ala. 2012) (concluding that the Court could not make a non-speculative estimate of the value of the plaintiff's mental anguish claim); Goodin v. Fidelity Nat'l Title Ins. Co., 2012 WL 473913, *3 (M.D .Fla. Feb. 14, 2012) (finding that "[plaintiff's] allegations of 'mental anguish and stress' are impermissibly vague[]"). Indeed, Plaintiffs' complaint, like the complaint in Arrington v. State Farm Ins. Co., 2014 WL 2961104 (M.D. Ala. Jul. 1, 2014), "contains no specific allegations from which one could draw any reasonable inference regarding the extent of the…[Plaintiffs'] mental anguish[] [or] emotional distress[,]" and, as in Arrington, "[i]n th[is] court's 'judicial experience,' mental anguish and emotional distress damages in cases such as this vary widely depending on the circumstances, and even very similar circumstances may affect different plaintiffs in different ways."   Id. at *6.

Thus, the undersigned declines to "indulge in speculation or fill empty gaps in the plaintiff's factual averments with unfounded assumptions about what the evidence may show." Arrington, 2014 WL 2961104, *6 (citing Roe, 613 F.3d at 1061).   See also Pretka, 608 F.3d at 753-754 ("without facts or specific allegations, the amount in controversy could be 'divined [only] by looking at the stars' -- only through speculation -- and that is impermissible[]").

Moreover, the Court also agrees with the following analysis in Gonzalez v. Liberty Mut. Fire Ins. Co., 2012 WL 5266063 (M.D. Fla. Oct. 23, 2012), wherein the court highlighted the wasted resources when counsel on removal fail to at least allege some facts to assist the court in determining whether jurisdiction exists:

8

Some litigants read *Williams* to require a district court to conduct an evidentiary hearing if the defendant states in the notice of removal only that the amount in controversy exceeds $75,000, but *Williams* concerns the circuit court's procedure for a case on appeal with a dubious amount in controversy. *Williams* requires no hearing each time a defendant half-heartedly compiles the removal documents. Instead, *Williams* expressly leaves the decision to the district judge's discretion—"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and *may* require evidence relevant to the amount in controversy at the time the case was removed." 269 F.3d at 1319 (emphasis added). **An unqualified requirement for an evidentiary hearing or a finding of fact shifts the burden from the defendant to allege facts (a necessary, elementary, and inexpensive task for counsel) to the court to find facts (an unnecessary, timely, and costly endeavor for the parties, the attorneys, and the court). But the burden is the defendant's alone.**

Id. at *2 (emphasis added).

The United States Supreme Court has recently addressed removal as follows:

…a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." § 1446(a). By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure. See 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009) ("Section 1446(a) requires only that the grounds for removal be stated in 'a short and plain statement'—terms borrowed from the pleading requirement set forth in Federal Rule of Civil Procedure 8(a).")….When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith….Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court….In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation….

Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553-554 (2014).

However, as explained in Dudley v. Eli Lilly and Co., 778 F.3d 909, 912 (11th Cir. 2014)

(emphasis added), a CAFA case, Dart addressed the jurisdictional requirements *for CAFA cases*

and the interpretation of removal statutes within *that* specific context when evaluating remand:

> …the Supreme Court decided *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. — —, 135 S.Ct. 547…***which shed additional light on the jurisdictional requirements found in CAFA.*** Prior to *Dart*, this Court had presumed that in enacting CAFA, Congress had not intended to deviate from "established principles of state and federal common law," *Miedema*, 450 F.3d at 1328–29 (quoting *United States v. Baxter Int'l, Inc.*, 345 F.3d 866, 900 (11th Cir.2003)), which included "construing removal statutes strictly and resolving doubts in favor of remand," *id.* at 1328. ***In Dart, however, the Supreme Court made clear that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."*** 135 S.Ct. at 554, 2014 WL 7010692, at *6, slip op. at 912-13….*Dart* also shed light on the necessary contents ***of a CAFA defendant's notice of removal.***

In contrast, doubts concerning removal of non-CAFA cases should still be resolved in favor of remand (i.e., that there remains an antiremoval presumption for non-CAFA cases). <u>See</u>, <u>e.g.</u>, <u>Dudley</u>, 778 F.3d at 912; <u>Komstadius v. Unitedhealth Group, Inc.</u>, 2016 WL 3253894, *3 (S.D. Ga. Apr. 29, 2016); <u>Graiser v. Visionworks of Am., Inc.</u>, 819 F.3d 277, 283 (6th Cir. 2016); <u>Portillo v. National Freight, Inc.</u>, 2016 WL 1029854, *8 at n. 9 (D.N.J. Mar. 15, 2016); <u>McNamee v. Knudsen & Sons, Inc.</u>, 2016 WL 827942, *3 (E.D. Mo. Mar. 3, 2016); <u>The Bank of N.Y. Mellon v. ACR Energy Partners, LLC</u>, 543 B.R. 158, 163 (D.N.J. 2015); <u>Rodriguez v. Swissport USA, Inc.</u>, 2015 WL 4977187, *2 (C.D. Cal. Aug. 20, 2015).

And even in a court in this Circuit in which <u>Dart</u> was applied to a non-CAFA case, after discussing <u>Dart</u> the court found that the removing party still bears the burden of proof and a defendant will fail to satisfy that burden if it relies on nothing more than the bare allegations of a plaintiff's complaint. <u>Crocker v. Lifesouth Commty. Blood Ctrs., Inc.</u>, 2016 WL 740296, *3-4 (S.D. Ala. Feb. 23, 2016) ("[g]iven the Eleventh Circuit's directives that (i) the amount in controversy cannot be satisfied by conjecture or speculation and (ii) district courts may use judicial experience and common sense in evaluating whether jurisdictional requirements are

satisfied, the Court readily concludes that LifeSouth has not met its burden here. Plaintiff's allegations of mental anguish and emotional distress are too vague, too speculative to support a judicial determination that Crocker's claims surpass the jurisdictional threshold. We [also] have no facts to show the extent or severity of Crocker's emotional distress[]").

Finally, Defendant places much emphasis on the fact that Plaintiffs have not stipulated that they do not and/or will not seek damages in excess of the jurisdictional limits of this Court. Defendant's emphasis is misplaced.   Whether Plaintiffs stipulate, the burden of establishing the propriety of removal rests with Defendant.   As specified in Williams, 269 F.3d at 1320, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy…[defendant's]…burden of proof on the jurisdictional issue. Thus, the pleadings are inconclusive as to the amount in controversy."

Accordingly, it is **ORDERED** that the Plaintiff's motion to remand is **GRANTED** and this matter is **REMANDED** to the Circuit Court of Clarke County, Alabama from whence it came.

**DONE** and **ORDERED** this **29**[th] day of **June 2016.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**